STATE, GEORGE P. WETMORE, PROSECUTOR, v. CITY OF ELIZABETH.

1. A direction in a statute, that an assessment for a street improvement should be levied upon the owners of the lands benefited, in proportion, as nearly as may be, to the advantage each shall be deemed to acquire, is constitutional.

2. Only the objectors are entitled to the notice required by the charter of the city of Elizabeth. *Pamph. L.*, 1863, *p.* 109, § 107.

3. Five years' delay in suing out a writ of *certiorari*, is such laches as deprives a party of the right to complain that an assessment made under a valid statute, and of which he had legal notice, is, in fact, excessive.

On *certiorari.*

Argued at November Term, 1878, before Justices VAN SYCKEL, KNAPP and DIXON.

For the prosecutor, *W. J. Magie.*

For the defendant, *R. E. Chetwood.*

The opinion of the court was delivered by

DIXON, J.　Three reasons are alleged for setting aside the assessment for opening Humboldt avenue, brought up in this case:

*First.* That the sections of the charter under which the assessment was made, are unconstitutional, because they direct the assessment to be levied upon the owners of all the lands and real estate benefited, in proportion, as nearly as may be, to the advantage each shall be deemed to acquire. *Pamph. L.*, 1863, *p.* 109, § 101. This provision, it is contended, is not equivalent to one for an assessment in proportion to the benefits received. But I think it is. The benefits can be ascertained only by an exercise of judgment, and hence the idea conveyed by the words "benefits received" is more fully expressed in the phrase, "benefits which each lot shall be

adjudged to receive," and of this, the charter is a mere paraphrase.

*Second.* That the provisions of the charter, in regard to notice of hearing before ratification of the assessment, were not complied with. The notice required under section one hundred and four, to be given by the commissioners of assessment after their report was filed with the city clerk, but before it was finally approved and signed by them, was confessedly given with fullness and particularity; but the prosecutor claims that the notice under section one hundred and seven, which is to be given in case of objections to the commissioners' report, by the committee to whom the matter is to be referred, was not duly published. Of this, however, I think the prosecutor cannot lawfully complain. The notice mentioned is to be given only in case of objections, and to the parties interested, of the time and place when and where the committee will meet to hear them on the objections and report. These expressions seem to me to limit the notice to the objectors. Their action alone has given occasion to the notice; they alone are interested in being heard on the objections and report. The others, being summoned, have, by their silence, indicated that they are content, and they may be presumed to remain content so long as no change affecting them is made. In the present case, the prosecutor was not among the objectors, and the assessment was confirmed by the council as originally made.

*Third.* That the assessment is largely in excess of the benefit to the prosecutor's land. But, on this point, I think the prosecutor should not now be heard. The assessment was finally ratified April 25th, 1873. The writ of *certiorari* was allowed April 20th, 1878. The proof on this question of fact, which could have been adduced by the parties under a writ promptly purchased, might have been very different from that which can now be presented, after a lapse of five or six years; and it is therefore just, independently of any statutory provision, that the doctrine of laches should be invoked in aid of the city. The counsel of the prosecutor attempted to evade

its force because of the want of notice alleged in the second reason, and of the unconstitutionality of the statute, but, as we think neither of these reasons is good, the laches remains undefended.

No ground appears for a refusal to give effect to that part of the supplement to the charter (*Pamph. L.*, 1870, *p.* 754, § 13,) which forbids the allowance of a *certiorari* unless applied for within sixty days after confirmation of the assessment.

The writ should therefore be dismissed, with costs.